UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MARJA ELINA HAKANIEMI,

                Plaintiff,

       - against-

BILL GATES; LINUS TORVALDS,

                Defendants.
-----------------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
18-CV-7188 (PKC)

PAMELA K. CHEN, United States District Judge:

      Marja Elina Hakaniemi ("Plaintiff") filed this *pro se* complaint on December 13, 2018. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons discussed below, the complaint is dismissed.

      A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

Unfortunately, here, Plaintiff's complaint is nonsensical, and does not present any cognizable claim. In describing the facts underlying the claim, Plaintiff states:

> Linux has taken over my internet. Adding programs Linux Java Script, games, Tmobile hotspot ID is locked he opening and claims google, soda Adobe ID stolen 9 mont[h]s, iskysoft videos stolen, images stolen and kept, sold, wendor, webpages AZU/Christian Culture.

(Compl. at ECF 4.)[1] Plaintiff's complaint goes on to state:

> I have 5000 tiles images and videos. I am leading, cop[i]ed, 'zeitgeist,' Sony vil claim copyrights true Toshiba. . . . Case against LinusThorwalds, who has his name appearing in my downloads. 5th day. He came back. He hackers thrue [sic] my T mobile hot spot by being administrator of my wifi device. He has ID and phone number of my wifi.

(*Id*. at 5-6.)

Plaintiff's allegations, to the extent the Court is able to discern them, can only be described as "clearly baseless," which is "a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quotations and citations omitted). *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional."). Given the incoherence and implausibility of Plaintiff's averments, the Court declines to permit this action to proceed any further. *See Raoul v. City of N.Y. Police Dep't*, No. 14-CV-1787, 2015 WL 1014204, at *2 (E.D.N.Y. Mar. 6, 2015) (dismissing complaint where Plaintiff's claims were "based purely on wide-ranging, incoherent allegations of a massive conspiracy by numerous federal, state, and local government entities to persecute him through tactics ranging from aerial drone surveillance to messages beamed directly into his mind"). Since

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

the complaint is devoid of any basis in law or fact—defects which cannot be cured by amendment—this frivolous action must be dismissed. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [Plaintiff]'s causes of actions is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 21, 2018
      Brooklyn, New York